**The STATE of Ohio, Appellant,**

**v.**

**COPLEY, Appellee.**

[Cite as *State v. Copley*, 170 Ohio App.3d 217, 2006-Ohio-6478.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 06CA0011.

Decided Dec. 11, 2006.

Martin Frantz, Warren County Prosecuting Attorney, and Jason B. Desiderio, Assistant Prosecuting Attorney, for appellant.

Jeffrey Haupt, for appellee.

Carr, Judge.

{¶ 1} The state of Ohio appeals the judgment of the Wayne County Court of Common Pleas, which granted appellee Mindy Copley's motion to suppress. This court reverses the judgment.

I

{¶ 2} Appellee was indicted on one count of rape involving a child less than ten years of age in violation of R.C. 2907.02, one count of rape involving a child less than 13 years of age in violation of R.C. 2907.02, and one count of gross sexual imposition involving a child less than 13 years of age in violation of R.C. 2907.05. Appellee pleaded not guilty to the charges.

{¶ 3} On July 13, 2005, appellee filed a motion to suppress, requesting that the trial court suppress any of appellee's statements made during questioning by the police.

{¶ 4} On September 13, 2005, appellee appeared in court for a change-of-plea hearing. The state moved to dismiss the first and third counts of the indictment, and appellee moved to withdraw her motion to suppress. Appellee then entered a guilty plea to the second count of rape involving a child less than 13 years of age. The trial court granted the state's and appellee's motions and accepted appellee's guilty plea after finding that she had knowingly, voluntarily, and intelligently waived her constitutional rights. The trial court then referred the matter to the adult probation department for a presentence investigation.

{¶ 5} On November 3, 2005, appellee appeared for sentencing. The trial court, however, refused to sentence appellee because she had denied during her presentence investigation that she had committed any crime. Instead, the trial court sua sponte vacated appellee's guilty plea and scheduled the matter for trial.

{¶ 6} On December 20, 2005, appellee filed a motion in limine, moving the court to prohibit the state from introducing the videotape of appellee's computer voice stress analysis ("CVSA") test or any testimonial reference to the CVSA. There is

nothing in the record to indicate that appellee renewed her motion to suppress her confession or that the trial court sua sponte reinstated the motion to suppress. Nevertheless, the trial court held a hearing on appellee's original motion to suppress her confession. At the hearing, the state conceded that the results of the CVSA were inadmissible at trial.

{¶ 7} The trial court watched the videotape of appellee's CVSA test and subsequent interview during the hearing and again after the hearing. On January 30, 2006, the trial court issued its decision, in which it suppressed appellee's confession after finding that the confession was not voluntary because the police had obtained her confession by coercion or improper inducement. Specifically, the trial court found that the police had improperly induced appellee's confession by leading her to believe that the only sanction she would face was counseling. The state timely appeals, raising one assignment of error for review.

## II

### ASSIGNMENT OF ERROR

The trial court committed reversible error by granting [appellee's] motion to suppress her confession.

{¶ 8} The state argues that the trial court erred by granting appellee's motion to suppress her confession.[1] This court agrees.

{¶ 9} The trial court found that the police had induced appellee's involuntary confession by leading her to believe that counseling would be her sanction. The trial court reviewed the videotape of appellee's questioning by the police both during and after the suppression hearing.

{¶ 10} Regarding the relevant standard of review, this court has stated:

An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. The trial court acts as the trier of fact during a suppression hearing, and is therefore, best equipped to evaluate the credibility of witnesses and resolve questions of fact. Accordingly, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. "The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo."

---

1. This court notes that the state conceded at the hearing on appellant's motion to suppress that the results of and any testimony regarding the CVSA test would not be admissible at trial. Accordingly, the only issue on appeal is the admissibility of appellee's subsequent confession as a result of alleged police inducement to obtain her confession through her will having been overborne.

(Emphasis omitted.) (Citations omitted.) *State v. Swan,* 9th Dist. No. 22939, 2006-Ohio-2692, 2006 WL 1487060, at ¶ 8, quoting *State v. Russell* (1998), 127 Ohio App.3d 414, 416, 713 N.E.2d 56.

{¶ 11} This court has further clearly enunciated the relevant considerations regarding the suppression of a criminal defendant's confession:

[T]he Due Process Clause of the Fourteenth Amendment requires the exclusion of confessions that are involuntarily given by an accused. *Dickerson v. United States* (2000), 530 U.S. 428, 433 [120 S.Ct. 2326, 147 L.Ed.2d 405]; *State v. Evans* (2001), 144 Ohio App.3d 539, 560 [760 N.E.2d 909]. The test under this due process analysis is " 'whether a defendant's will was overborne' by the circumstances surrounding the giving of a confession. * * * The due process test takes into consideration 'the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation.' " *Dickerson,* 530 U.S. at 434 [120 S.Ct. 2326, 147 L.Ed.2d 405], quoting *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854. The totality of the circumstances that a court should consider include "the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." *State v. Edwards* (1976), 49 Ohio St.2d 31 [3 O.O.3d 18, 358 N.E.2d 1051], paragraph two of the syllabus, vacated on other grounds (1978), 438 U.S. 911 [98 S.Ct. 3147, 57 L.Ed.2d 1155].

*State v. Antoline,* 9th Dist. No. 02CA008100, 2003-Ohio-1130, 2003 WL 1036407, at ¶ 21.

{¶ 12} Other courts have held that even implied promises that cause the accused to understand that she might reasonably expect benefits in the nature of more lenient treatment in consideration for making a statement render the statement involuntary and inadmissible. See, e.g., *State v. Arrington* (1984), 14 Ohio App.3d 111, 14 OBR 125, 470 N.E.2d 211, citing *United States v. Tingle* (C.A.9, 1981), 658 F.2d 1332, and *People v. Flores* (1983), 144 Cal.App.3d 459, 192 Cal.Rptr. 772.

{¶ 13} Appellee, an 18–year–old female, was transported to the Orrville Police Department for a CVSA test and questioning that lasted approximately two-and-one-half hours. Sgt. Michael Bishop of the Orrville Police Department read and explained appellee's *Miranda* rights to her and secured her assertion that she understood those rights. Sgt. Bishop repeatedly informed appellee that she did not have to speak with him and that she was free to leave at any time. At various times during the questioning, appellee left the room to smoke. Once, she left upon becoming tearful, but she returned voluntarily after a couple of minutes and continued to speak with the officer. Appellee asserted at one point that she

had been in "juvenile jail" prior to moving into the household in which the alleged inappropriate conduct with the child took place.

{¶ 14} A review of the videotape of appellee's questioning by the police shows that Sgt. Bishop questioned appellant first; then he administered a CVSA test and questioned her again. Appellee continued to deny the allegations that she had sexual conduct or contact with the child victim. After Sgt. Bishop informed appellee that the results of the CVSA test indicated that she had lied, appellee continued to deny any inappropriate activity with the child. Eventually, Sgt. Bishop told appellee that nobody wanted to see her get into trouble but that it was important to know her side of the story. He told appellee that if the judge heard only the investigators' side of the story, the "judge might not act appropriately." Sgt. Bishop then asked appellee what she thought should happen to a person who performed oral sex on a two-year-old child. When appellee did not immediately respond, Sgt. Bishop reminded appellee that she had told Officer Shows that such a person should get counseling, care, or treatment. Sgt. Bishop told appellant, "I have to agree with that. I don't think jail is the right place for everybody. Everybody does deserve a second chance and counseling is a way for a person to do that second chance." Sgt. Bishop continued that an individual has to "make that first step" and admit that she "did screw up." Appellee continued to deny any sexual activity with the two-year-old, and Sgt. Bishop left the room.

{¶ 15} Approximately two minutes later, Officer Robert Shows of the Rittman Police Department entered the room to question appellee. He reminded her that they had talked earlier about counseling and different types of punishment that could be imposed for the alleged offenses. He also reminded her that he had told her that he believed that she was not being truthful when he spoke with her during an earlier questioning. He further asked appellee whether if she were the judge and someone was lying, it would be better to help that person or "get rid of" that person. Appellee told Officer Shows that such a person should have help, but she did not know what kind of help.

{¶ 16} In the next few minutes, Officer Shows told appellee that he knew her to be a good person, that it was hard for good people to lie, and that that was why she was having a difficult time. Officer Shows speculated about how appellee had committed the offense. Appellee eventually nodded her assertion when Officer Shows told her that something inappropriate had happened. For the next several minutes, appellee discussed the details of the incident. Approximately 15 minutes elapsed between the time when Sgt. Bishop talked about counseling and when appellee confessed her involvement in the inappropriate activity to Officer Shows.

{¶ 17} After appellee had confessed to touching the top of the child's vagina with her tongue, Officer Shows told appellee, "As long as we keep the honesty up,

we'll see what kind of, how we can work this out, okay?" Appellee then expanded upon her explanation of the incident.

{¶ 18} In *State v. Robinson* (Jan. 11, 1995), 9th Dist. No. 16766, 1995 WL 9424, this court held that an officer's statement to an accused during questioning rose to the level of a promise of leniency. The officer had told the accused during questioning that he would recommend to the prosecutor's office that they not charge him with anything if he was truthful with the police. The officer had further clarified to the accused that the officer would recommend that the accused not be charged but that the officer "[did not] have any control over it." This court found that those promises of leniency, however, did not induce the accused's confession, because the accused had related the inculpatory information before the officer made the statements. This court went on to say:

> The police can render a confession involuntary if they extract a confession by the use of a direct or implied promise of leniency. *Arrington,* 14 Ohio App.3d at 114 [14 OBR 125, 470 N.E.2d 211]. However, the mere presence of a promise of leniency does not as a matter of law render a confession involuntary. *Edwards,* 49 Ohio St.2d at 41 [3 O.O.3d 18, 358 N.E.2d 1051]. Instead, as enunciated by the Supreme Court in *Edwards,* a promise of leniency must be coupled with other factors to render a confession involuntary under the totality of the circumstances test. Id. at 40–41 [3 O.O.3d 18, 358 N.E.2d 1051].

*Robinson,* supra.

{¶ 19} In this case, Sgt. Bishop's statements that jail is not for everybody, that everybody deserves a second chance, and that counseling is a way for a person to get that second chance rise to the level of an implied promise of leniency. However, this court finds that that implied promise of leniency, when coupled with other factors, is insufficient to render appellee's confession involuntary under the totality-of-the-circumstances test. Although appellee was a very young adult at the time of questioning, she was articulate and logical in her discussion with the officers. She admitted to having had prior criminal experience when she discussed her stay in "juvenile jail." The police offered appellee sodas and allowed her to take breaks to smoke. Sgt. Bishop repeatedly told appellee that she could refuse to speak and could leave at any time. Appellee, in fact, left the room when she became emotional after a question relating to the perpetration of sexual activity on a two-year-old. Sgt. Bishop waited in the room, and appellee returned voluntarily within a couple of minutes and continued to speak. Neither Sgt. Bishop nor Officer Shows raised his voice to appellee at any time during the questioning. Neither officer threatened appellee at any time. Neither officer ever told appellee that she would not be prosecuted if she cooperated. Neither expressly told appellee that she would not go to jail if convicted. Under the totality of the circumstances, this court concludes that the

implied promise that counseling was a second-chance option for an adult who performed oral sex upon a two-year-old child was insufficient to cause appellee's will to be overborne and to make her confession involuntary and inadmissible.

{¶ 20} Furthermore, Officer Shows's statement "[W]e'll see * * * how we can work this out" if appellee continued to be truthful also rose to the level of a promise of leniency. However, as in *Robinson,* the officer made this statement after appellee had confessed to inappropriate activity with the child. Accordingly, Officer Shows's statement could not have induced appellee's prior confession.

{¶ 21} This court finds that the trial court erred in its application of the law to the specific facts of this case. Accordingly, the trial court erred by granting appellee's motion to suppress. The state's assignment of error is sustained.

## III

{¶ 22} The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

WHITMORE, P.J., and MOORE, J., concur.